1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9  RANDOLPH E. GARAUX, | CASE NO. 1:10-cv-00146-SMS PC |
| 10                        Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO |
| 11       v. | STATE A CLAIM |
| 12  MATTHEW L. CATE, et al., | (Doc. 1) |
| 13                        Defendants. | THIRTY-DAY DEADLINE |

14

## Screening Order

15

### I.       Screening Requirement

16

17        Plaintiff Randolph E. Garaux, a state prisoner proceeding pro se and in forma pauperis, filed

18  this civil rights action pursuant to 42 U.S.C. § 1983 on January 29, 2010.

19        The Court is required to screen complaints brought by prisoners seeking relief against a

20  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

21  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

22  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

23  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

24  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

25  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

26  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

27        A complaint must contain "a short and plain statement of the claim showing that the pleader

28  is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

1   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

2   do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.

3   Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient

4   factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at

5   1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal

6   conclusion are not. Id. at 1949.

7   **II.    Plaintiff's Retaliation Claims**

8          **A.    Summary of Complaint**

9          Plaintiff is housed at Pleasant Valley State Prison (PVSP) in Coalinga, where the events at

10   issue in this action occurred.  Plaintiff alleges that he was retaliated against by law librarian P.

11   Castillo and appeals coordinators C. Huckabay, J. Herrera, and H. Martinez, in violation of his rights

12   under the First Amendment of the United States Constitution.  Plaintiff also names California

13   Department of Corrections and Rehabilitation (CDCR) Secretary Matthew L. Cate and PVSP

14   Warden James A. Yates as defendants in their official capacities.

15          **B.    Legal Standard**

16          Under section 1983, Plaintiff is required to show that (1) each defendant acted under color

17   of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law.

18   Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Further, Plaintiff must

19   demonstrate that each defendant personally participated in the deprivation of his rights. Jones v.

20   Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations

21   sufficient to state a plausible claim for relief. Iqbal at 1949-50; Moss v. U.S. Secret Service, 572

22   F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this

23   plausibility standard. Iqbal at 1950.

24          Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition

25   the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

26   1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65

27   F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment

28   retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action

against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

### C.  Claims Against Castillo, Huckabay, Herrera, and Martinez

Plaintiff sets forth sixteen separate incidents he describes as retaliatory.  The incidents involved his attempts to use the prison's law library and inmate appeals process.  However, while Plaintiff's complaint is lengthy, it is long on non-material facts and short on specific facts linking the conduct complained of to improper motive.

Although preventing Plaintiff from using the library or its resources and from using the inmate appeals process are sufficiently adverse actions to support a claim for retaliation, Plaintiff fails to set forth any specific facts supporting the claim that his engagement in "protected conduct was the substantial or motivating factor behind the defendant[s'] conduct." Brodheim v. Cry, 584 F.3d 1262, 1269-71 (9th Cir. 2009) (citations and internal quotations omitted).  It is insufficient to describe an incident of adverse action and then merely assign to the defendants a retaliatory motive. Iqbal at 1949-50; Moss, 572 F.3d at 969-70.  Because Plaintiff's complaint contains no specific facts supporting the assertion of improper motive, Plaintiff's retaliation claims lack facial plausibility and are not cognizable.  Iqbal at 1949-50.  Plaintiff will be permitted to file an amended complaint.

### D.  Claims Against Cate and Yates

Plaintiff alleges that Defendant Cate is responsible for the overall operation and management of CDCR, and Defendant Yates is responsible for the overall operation and management of PVSP.

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Iqbal at 1948.  Rather, each government official, regardless of his title, is only liable for his own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

Plaintiff may not impose liability on Defendants Cate and Yates under section 1983 based merely upon their positions of authority. Id.  Plaintiff's complaint is devoid of any allegations that

///

1   Defendants Cate and Yates were personally involved in any retaliatory conduct against him, and he

2   fails to state a claim against them.

3   **III.   Conclusion and Order**

4   　　　Plaintiff's complaint fails to state a claim under section 1983 for violation of the First

5   Amendment.  Plaintiff is granted leave to file an amended complaint within thirty days.  Noll v.

6   Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  The amended complaint may not exceed twenty-

7   five pages, and Plaintiff may not change the nature of this suit by adding new, unrelated claims in

8   his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

9   complaints).

10   　　　Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

11   named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

12   Iqbal at 1948-49; Jones, 297 F.3d at 934.  Although accepted as true, the "[f]actual allegations must

13   be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly at 555 (citations

14   omitted).  Plaintiff is encouraged to omit the extraneous background facts and simply set forth the

15   basic facts in support of his retaliation claims.  Such facts should include a brief, concise description

16   of the protected conduct at issue, of the adverse actions taken, and of the retaliatory motive behind

17   the adverse action.  Plaintiff may not simply allege he was retaliated against or that he believes the

18   motive was retaliatory.  Plaintiff must set forth some specific facts that support the claim that

19   defendants acted unlawfully.

20   　　　Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,

21   114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must

22   be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

23   Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

24   amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand,

25   644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

26   　　　Based on the foregoing, it is HEREBY ORDERED that:

27   　　　1.　　The Clerk's Office shall send Plaintiff a civil rights complaint form;

28   ///

4

2.      Plaintiff's complaint is dismissed for failure to state a claim upon which relief may

be granted;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

amended complaint, which may not exceed twenty-five pages; and

4.      If Plaintiff fails to file an amended complaint, this action will be dismissed, with

prejudice, for failure to state a claim under section 1983.


IT IS SO ORDERED.

**Dated:   August 27, 2010**                    _____/s/ Sandra M. Snyder_____
                                                                    UNITED STATES MAGISTRATE JUDGE