# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDOLPH E. GARAUX, | 1:10-cv-00146-GBC (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION; |
| v. | |
| CATE, et al., | SCREENING FINDING PLAINTIFF'S CLAIM OF RETALIATION AGAINST DEFENDANT CASTILLO COGNIZABLE AND DISMISSING ALL OTHER CLAIMS AND DEFENDANTS WITH PREJUDICE; and |
| Defendants. | |
| | DENYING PLAINTIFF'S MOTION FOR EXPEDITED CONSIDERATION AND FOR JUDICIAL NOTICE AS MOOT |
| | (Docs. 27, 33, 35, 44) |

**I.    RECONSIDERATION**

Randolph E. Garaux ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original Complaint on January 29, 2010. (Doc. 1.) On February 5, 2010, Plaintiff consented to jurisdiction by U.S. Magistrate Judge. (Doc. 8.) The Complaint was screened and dismissed with leave to amend on August 27, 2010. (Doc. 17.) On September 30, 2010, Plaintiff filed the

First Amended Complaint ("1st A.C."). (Doc. 23.) Before the 1st A.C. was screened, Plaintiff filed a motion requesting leave to file an amended complaint[1] which was granted. (Docs. 25, 31.) Plaintiff filed the Second Amended Complaint ("2nd A.C.") on April 7, 2011. (Doc. 27.) On May 24, 2011, Plaintiff filed a motion for leave to file a supplemental complaint and a document entitled "Supplemental Complaint" ("The Supplement"). (Docs. 28, 29.) The order addressed Plaintiff's motion as requesting leave to file an amended complaint rather than a supplement and the document was entered on the docket as a Third Amended Complaint ("3rd A.C."). (Docs. 31, 33.)

Plaintiff thereafter filed a request for reconsideration (Doc. 35) reiterating that the document he filed was a supplement to the 2nd A.C. and seeking to strike the order which erroneously granted leave to file a 3rd. A.C. (Doc. 31) and resulted in his supplement being entered and treated as a 3rd A.C. (*see* Doc. 33). Subsequently, Plaintiff also filed a motion requesting expedited consideration and for judicial notice. (Doc. 44.)

**A.     Consent**

As a preliminary matter, Plaintiff's request for reconsideration by District Judge is disregarded. Plaintiff consented to Magistrate Judge jurisdiction on February 5, 2010. (Doc. 8.) Therefore, this action is assigned to the undersigned to resolve all pending matters pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California. Furthermore, though not stated, even if Plaintiff had intended, his disagreement with a court's ruling does not provide basis for the withdrawal of consent. Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993).

///

---

[1] Plaintiff's motion erroneously sought leave to file a third amended complaint though he had not yet filed a second amended complaint. However, the pleading Plaintiff subsequently filed was properly named the Second Amended Complaint. (Doc. 27.)

**B.** **Legal Standard**

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. Id. (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff's motion for reconsideration indicates that The Supplement was intended only to supplement the allegations in the 2nd A.C. and that he never intended it to be a 3rd. A.C. (Docs. 35, 36, 37.) Review of the documents Plaintiff submitted in support of his request for reconsideration along with the 2nd A.C., his motion for leave to file The Supplement, and The Supplement make it obvious that Plaintiff did not intend to file a 3rd A.C. The introduction to

The Supplement specifically states that it only contains allegations regarding events which happened subsequent to the filing of this action. (Doc. 33, Supp., ¶ 3.)

Accordingly, Plaintiff's request for reconsideration is granted and his motion for leave to file and serve The Supplement with incorporated references is granted in part solely to allow the Supplement to be filed and the identifying nomenclature is to be corrected on this case's CM/ECF docket at Doc. 33, on October 14, 2011. Service of the operative pleading is addressed via concurrent order.

Accordingly, it is appropriate to proceed to screening of the 2nd A.C. and The Supplement.

## II.  SCREENING

### A.  Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.  Summary of Allegations -- 2nd. A.C. & The Supplement

Plaintiff complains of acts that occurred while he was an inmate at Pleasant Valley State Prison ("PVSP") in Coalinga, California. In the 2nd A.C., Plaintiff names the following

Defendants: CDCR Secretary, Matthew L. Cate; PVSP Warden R. H. Trimble; PVSP Appeals Coordinators C. Huckabay, J. Herrera, and H. Martinez; and PVSP Librarian, P. Castillo. In The Supplement, Plaintiff also names the following Defendants: PVSP Associate Warden M.E. Spearman; PVSP Associate Governmental Program Analyst L. Harton; and PVSP Appeals Coordinators J. Morgan, G. Duran, G. Noel, W. Fellows, and D. Foreman. Plaintiff seeks monetary, declaratory, and injunctive relief.

In the 2nd A.C., Plaintiff alleges that: Defendant P. Castillo hampered his use of the law library and filed a false Rules Violation Report ("RVR") against him in retaliation for Plaintiff having filed an inmate grievance against him (Doc. 27, 2nd A.C., ¶¶ 5, 34-50); Defendants Huckabay, Herrera, and Martinez ratified Castillo's actions via their rulings on Plaintiff's subsequent appeals and/or their actions that thwarted his use of the grievance process (id., at ¶¶ 12, 31, 32); Defendants Cate and Trimble were responsible for the operation, management, supervision, and general control of CDCR and PVSP; and that Defendants Cate and Trimble were only named as nominal defendants for prospective relief purposes (id., at ¶¶ 8, 10, 11).

In The Supplement, Plaintiff alleges that: as an intermediate managerial level supervisor, Defendant Spearman was responsible for the overall operation an management and supervision and control of D-Facility at PVSP (Doc. 33, Supp., ¶ 6) and that Defendants Huckabay, Herrera, Martinez, Harton, Morgan, Duran, Noel, Fellows, and Foreman ratified Castillo's retaliatory conduct and impeded his ability to exhaust his administrative remedies via their involvement in the processing and handling of his inmate appeals (id., at ¶¶ 8, 9, 16-47).

As discussed in greater detail herein below, Plaintiff states a cognizable claim against Defendant P. Castillo for retaliating against him in violation of the First Amendment. However, Plaintiff fails to state any other claims such that all other claims and Defendants are properly

dismissed with prejudice.

### C.    Pleading Requirements

Plaintiff's claims are reviewed under the following standards for sufficiency of factual allegations and linkage.

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) *quoting* Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

plausible on its face.'" Iqbal, 556 U.S. at 678, *quoting* Twombly, 550 U.S. at 555.  While factual allegations are accepted as true, legal conclusion are not.  Iqbal. at 678; *see also* Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009); Twombly, 550 U.S. at 556-557.  While "plaintiffs [now] face a higher burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009),  the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  However, courts are not required to indulge unwarranted inferences.  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See* Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

**D.     Plaintiff's Claims for Relief**

   **1. Retaliation**

The standards for stating a cognizable retaliation claim were recently stated by the Ninth Circuit in Waitson v. Carter, 668 F.3d 1108, 1114-1115 (9th Cir. 2012):

> Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir.2009). A retaliation claim has five elements. Id. First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir.2005).
>    Second, the plaintiff must claim the defendant took adverse action against the plaintiff. Id. at 567. The adverse action need not be an independent constitutional violation. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995). "[T]he mere threat of harm can be an adverse action. . . ." Brodheim, 584 F.3d at 1270.
>    Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. *See* Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.2d 106, 108–09 (7th Cir.1987).
>    Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. Id. at 569.
>    Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of order in the institution," Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984).

Plaintiff alleges that he filed a grievance against Defendant Castillo regarding an

incident where Defendant Castillo restricted Plaintiff's use of legal reference materials. (Doc. 27, 2nd A.C., ¶¶ 34, 35, 36.) Within one month, Plaintiff alleges that Defendant Castillo began restricting his access to legal resources, Defendant Castillo retaliated against Plaintiff by variously assigning Plaintiff to a computer for legal research where she knew that the sources Plaintiff needed were not accessible on the computer; restricting Plaintiff's access to books; restricting Plaintiff's access to the law library; falsely telling guards that Plaintiff had thrown a book at her; and issuing a false rules violation report against Plaintiff alleging that Plaintiff failed to follow a direct order. (Id., at ¶¶ 34-67.) Cyclically woven throughout these events Plaintiff filed additional grievances against Defendant Castillo. (Id..)

This states a cognizable retaliation claim against Defendant Castillo. Plaintiff's allegations against the other named Defendants are based either solely on their involvement in the processing/handling of his inmate appeals (Defendants Huckabay, Herrera, Martinez, Harton, Morgan, Duran, Noel, Fellows, and Foreman) or their supervisory positions (Defendants Cate, Trimble, and Spearman) which, as discussed below, do not suffice to state cognizable claims.

**2. Inmate Appeals**

Plaintiff's only allegations against Defendants Huckabay, Herrera, Martinez, Harton, Morgan, Duran, Noel, Fellows, and Foreman are for their processing and/or ruling on his inmate grievances.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create

liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord* Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); *see also* Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005) *accord* George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.1996).

Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails, and is unable to state a cognizable claim against Defendants Huckabay, Herrera,

Martinez, Harton, Morgan, Duran, Noel, Fellows, and Foreman for the processing and/or reviewing of his 602 inmate appeals.

To the extent that Plaintiff included the allegations regarding the handling of his inmate appeals in an attempt to show exhaustion of his administrative remedies, he is advised that failure to exhaust is an affirmative defense, to be raised by a defendant. Jones v. Bock, 549 U.S. 199 (2007). It appears to the Court that, aside from attempting to state a claim for the handling of his inmate appeals – which is not cognizable, Plaintiff might have included his allegations against Defendants Huckabay, Herrera, Martinez, Harton, Morgan, Duran, Noel, Fellows, and Foreman to show that his efforts to exhaust administrative remedies were thwarted in anticipation of an affirmative defense. However, a complaint is not the proper vehicle for such arguments, but rather must merely state allegations to show that a plaintiff exhausted his available administrative remedies. Arguments pertaining to the availability (or unavailability) of administrative remedies are most properly vetted when the exhaustion defense is raised via a motion to dismiss. Fed. R. Civ. Pro. 12(b).

Accordingly, Plaintiff does not and cannot state a cognizable claim against Defendants Huckabay, Herrera, Martinez, Harton, Morgan, Duran, Noel, Fellows, and Foreman. They are properly dismissed with prejudice.

### 3. Supervisory Liability

It appears that Plaintiff named Secretary Cate, Warden Trimble, and Associate Warden Spearman as Defendants in this action based on their supervisory positions with in the CDCR and/or at PVSP.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds

a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. Iqbal, 556 U.S. at 677.  "In a §1983 suit or a Bivens action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer."  Id.  Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct.  Id.

   "'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." Moss, 572 F.3d at 969 (*quoting* Iqbal, 556 U.S. at 1951 (*quoting* Twombly, 550 U.S. at 555)). "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." Id.

   Thus, Plaintiff's allegation that Defendants Cate, Trimble, and Spearman are liable

because they are responsible for the operation, management, supervision, and control of CDCR and/or PVSP simply does not state a cognizable claim against them. Plaintiff was previously provided with the standards applicable to his claims against Defendants, Cate, Trimble, and Spearman. The fact that he has not stated specific factual allegations illustrating any of their personal involvement in violation of his constitutional rights, despite having filed four pleading documents (the original, 1st and 2nd A.C.s, and The Supplement), shows that specific factual allegations do not exist to warrant leave to amend these claims. To do so would likely encourage fabrication.

Accordingly, Plaintiff fails and is unable to state a cognizable claim against Defendants Cate, Trimble, and Spearman such that they are properly dismissed with prejudice.

### III.  ORDER

Plaintiff's motion for reconsideration is granted and the document entered on the CM/ECF docket as the "Third Amended Complaint" (Doc. 33) should be renamed as a supplement to the 2nd A.C. (Doc. 27). Plaintiff's motion for leave to file a supplement to the 2nd A.C., filed May 24, 2011 (Doc. 28), is granted.

Upon screening, the Court finds that the 2nd A.C. states a cognizable claim for relief against Defendant P. Castillo for retaliation in violation of the First Amendment. By separate order, Plaintiff will be directed to submit USM 285 forms. However, the Court finds that Plaintiff fails to state any cognizable claim against Defendants Matthew L. Cate, R.H. Trimble, M.E. Spearman, C. Huckabay, J. Herrera, H. Martinez, L. Harton, J. Morgan, G. Duran, G. Noel, W. Fellows, and/or D. Foreman.

The Supplement contains neither any cognizable claims, nor any claims that are amenable to amendment such that it is properly stricken from the record so as to avoid

confusion in the future.

Further, since screening has occurred, Plaintiff's motion to expedite and for judicial notice, filed March 14, 2012 (Doc. 44), is moot.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed October 24, 2011 (Doc. 35), is GRANTED;

2. The "Order Granting Plaintiff Leave to File Third Amended Complaint" (Doc. 31) is STRICKEN from the record;

3. Plaintiff's motion for leave to file and serve supplemental complaint with incorporated references, filed May 24, 2011 (Doc. 28), is GRANTED IN PART solely to allow filing of the supplement (Doc. 33) and to correct the verbiage of its entry to reflect the correct nomenclature, removing the tile of "Third Amended Complaint" from the document entered on October 14, 2011 at Doc. 33;

4. The Clerk of the Court is directed to correct docket entry 33 by renaming that entry on the CM/ECF docket "SUPPLEMENT TO SECOND AMENDED COMPLAINT;"

5. Subsequent to the above docket correction, the Supplement to Second Amended Complaint (Doc. 33) is DISMISSED with prejudice as it does not contain any cognizable claims and the only claim that this action is proceeding on is wholly found in the Second Amended Complaint (Doc. 27);

6. This action shall proceed on Plaintiff's Second Amended Complaint, filed April 7, 2011 (Doc. 27), only on Plaintiff's claims against Defendant Castillo for

retaliation in violation of the First Amendment;

7. All other Defendants and claims are dismissed from this action with prejudice;

8. Plaintiff's motion for expedited consideration and for judicial notice, filed March 14, 2012 (Doc. 44), is DENIED as moot; and

9. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   July 18, 2012

UNITED STATES MAGISTRATE JUDGE